IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO. 3:06CV462-C

DENNIS CROSBY on behalf of himself )
and all others similarly situated, )
JACKIE STEVEN POSTELL, and )
DANNY RAY COCHRAN, )
 )
      Plaintiffs, )
 )
v. ) **MEMORANDUM AND ORDER**
 )
CITY OF GASTONIA, a municipality )
existing under the laws of the State of )
North Carolina, )
 )
      Defendant. )
 )

**THIS MATTER** is before the Court on the "Plaintiffs' Motion to Compel" (document #27) filed July 30, 2007. The Defendant filed its ". . . Response to Plaintiffs' Motion to Compel" (document #28) on August 16, 2007. On August 24, 2007, the Plaintiffs filed their ". . . Reply . . ." (document #29). The Defendant filed its ". . . Sur-Reply . . ." (document #32) September 6, 2007.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and the subject Motion is now ripe for determination.

Having carefully considered the parties' arguments, the record, and the applicable authority, the undersigned will <u>grant in part</u> and <u>deny in part</u> the "Plaintiffs' Motion to Compel," as discussed below.

## I. FACTUAL AND PROCEDURAL HISTORY

This is a proposed class action alleging a violation of 42 U.S.C. § 1983 and the United States and North Carolina Constitutions, and a breach of contract and fiduciary duty in relation to the

termination of a supplemental pension fund (the "Fund") for Gastonia, North Carolina police officers. The Fund was created in 1955 by the North Carolina General Assembly, and financed for many years through mechanisms such as fines levied against defendants convicted in municipal court. Due to the Fund's financial difficulties in the 1990s, police officers voted to contribute 2% of their salaries to keep the Fund operational. However, in 2002, the Fund's trustees sponsored a referendum which gave Gastonia police officers the choice of increasing their salary contributions to 7% or terminating the Fund. The officers chose to terminate the Fund and thereafter the Gastonia City Council adopted a resolution requesting terminating legislation from the General Assembly. The Plaintiffs seek a permanent injunction against the Defendant preventing it from eliminating or decreasing vested pension benefits, and an award of past due benefits and attorney's fees.

Relevant to this discovery dispute, the Plaintiffs served their First Set of Interrogatories on the Defendant October 12, 2006, and on April 5, 2007, served their Second Set of Interrogatories and First Requests for Production of Documents. Unsatisfied with the Defendant's responses to date, the Plaintiffs explain that they essentially continue to seek two categories of information in the subject discovery: (1) "the identity of the retired police officers for whom the plaintiffs contend a retirement benefit is due from the City"; and (2) "documentation establishing the involvement of the City in managing and funding the supplemental police retirement fund."

## II. DISCUSSION

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the

subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507 (1947).

Whether to grant or deny a motion to compel is generally left within the district court's broad discretion. See, e.g., Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting district court's substantial discretion in resolving motions to compel); and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same).

Keeping these general principles in mind, the Court will examine each of the interrogatories and requests for production separately.

**Plaintiffs' First Set of Interrogatories**

1. **For each police office[r], living or deceased, who would was [sic] vested in the Supplemental Pension Fund, as described in the complaint, and who received benefits from the fund within three years next preceding the filing of this action, provide the following information:**

    a. **The person's name and address and telephone number, if known;**

    b. **The person's social security number;**

    c. **The date of hire;**

    d. **The date of retirement due to disability, age or years of service;**

    e. **The amount of retirement benefits received by the person for each month;**

    f. **The amount of accrued and owing, but unpaid benefits.**

The Defendant originally objected to this request because it deemed the Fund's Trustees to be the proper party to provide such a response. However, the Trustees, who are the municipal Defendant's employees, refused to provide the requested information out of concern that disclosure would violate State privacy laws. Subsequently, the parties reached an agreement that the Defendant would provide a narrower class of information pursuant to a request from the Plaintiffs under the North Carolina public records statute.

Apparently this agreement broke down over an additional request from the Plaintiffs for information on police officers who would retire in the next two years. The Defendant objected to this part of the request because it had no way of determining which officers would choose to retire in the next two years. The Defendant has not objected to the other half of the Plaintiffs' request which sought the identity of still-living retired officers and any retired officers who passed away in the three years preceding the filing of this lawsuit, and in fact mailed this information to the Plaintiffs on September 5, 2007. In light of the fact that the Plaintiffs have not sought to compel the identity of future retirees in this Motion and because the Defendant has now provided the other information sought by the Plaintiffs, the undersigned will <u>deny</u> the Plaintiffs' Motion to Compel this response.

2. **State the current amount remaining in the fund as of the date of the filing of the Complaint.**

The Defendant has objected to this interrogatory on the basis that the Fund Trustees possess this information, not the City. The Plaintiffs take issue with this objection because the Fund Trustees are all City employees. The Defendant responds by noting that even though the Trustees are City employees, the General Assembly has given them independent authority to decide how to manage the Fund and handle its finances.

At this point in the litigation the Plaintiffs have not satisfied the Court that the Defendant has the authority to compel the Trustees to provide certain information, especially in light of the fact that the Trustees refused its request for the identities of vested officers. The Plaintiffs are directed to seek this information from the Trustees. If the Trustees refuse compliance, the Plaintiffs have the option to compel the information through this Court. Accordingly, the Plaintiffs' Motion to Compel this response will be <u>denied</u>.

**Plaintiffs' Second Set of Interrogatories**

**2.    Identify any person with information that is believed will support the defenses raised in the Defendant's Answer.**

The Defendant objected to this interrogatory as worded because it appears to seek the identity of anyone with such knowledge, whether the Defendant consulted with that person or not in forming its defenses (which would include, according to the Defendant, even legislators from the 1955 General Assembly). However, the Plaintiffs have narrowed the request in their explanation to the Court. They seek "only the identity of the persons who provided information upon which the City's answer denying responsibility for the Fund was based."

This narrow request is reasonable and the Defendant is directed to provide the identity of persons who provided the information upon which its answer denying responsibility for the Fund was based. Accordingly, the Plaintiffs' Motion to Compel this response will be <u>granted</u>.

**3.    Provide the factual basis for the counterclaim alleged in the Defendant's Answer.**

As to this interrogatory, the Plaintiffs seek a more detailed statement of the factual basis for the Defendant's counterclaim which, if successful, would require the three named Plaintiffs to compensate it for any damages it must pay if found liable in this action. Mr. Postell and Mr.

5

Cochran both previously served as Fund Trustees, and the Defendant alleges in the counterclaim that they actually contributed to the Fund's demise through unauthorized distributions. Mr. Crosby served on Police Department recruiting and hiring boards, and the Defendant alleges that if the allegation in the Complaint stating that it guaranteed officers Fund benefits for life is true, it would have necessarily been Mr. Crosby who made this unauthorized promise. The Defendant specifically points to City Council meeting minutes where Mr. Crosby publicly stated that he had made certain promises to police officers concerning Fund benefits.

Whether this counterclaim will ultimately prevail is immaterial at this time. It is apparent from the Defendant's response that it has a good faith basis for asserting this claim, and it has stated that it "will continue to develop [its basis for the counterclaim] during discovery, and will supplement its response as required by the Rules of Civil Procedure." If discovery proves that there are not sufficient facts to support the counterclaim, the Plaintiffs are free to seek its dismissal through Summary Judgment. However, the Court finds the Defendant's response sufficient at this time, and will therefore <u>deny</u> the Plaintiffs' Motion to Compel further response as to this interrogatory.

7. **Identify the five most knowledgeable persons regarding the Fund regardless of whether that person is or was ever employed by the City of Gastonia.**

The Defendant objected to this interrogatory because of the subjective element in identifying the five "most" knowledgeable people regarding the Fund. However, subject to this objection the Defendant has identified four people it deems to be knowledgeable, without certifying that they are the "most" knowledgeable.

The Plaintiffs, still not satisfied with the Defendant's response, have elaborated on the

information sought – which in effect has narrowed the request. "The [P]laintiffs seek the identity of the five persons most[] likely to provide testimony to support the contentions of the City alleged in its answer and counterclaim." This narrow request is reasonable and the Defendant is directed to provide the identity of the witnesses it intends to rely upon to support the contentions in its answer and counterclaim. Accordingly, the Plaintiffs' Motion to Compel this further response will be <u>granted</u>.

### Plaintiffs' Requests for Production of Documents

1. **Produce a copy of all minutes of the City of Gastonia City Council since 1985 wherein a reference has been made to the supplemental retirement fund that is the subject of this action, including, without limitation, audits of "The Fund," proceeds for "The Fund," discussions of management of "The Fund," and/or recommendations of the City Attorney.**

The Defendant has objected only to the number of years of minutes sought in this request for documents. Apparently the Defendant is able to electronically search all of the minutes since 1994 for Fund references. The Defendant has done this and produced all responsive minutes since 1994, but objects to manually searching the minutes from 1985 to 1994. For pre-1994 minutes, the Defendant has made the records available to the Plaintiffs at the City Clerk's office for the Plaintiffs to examine.

This production is sufficient in light of the circumstances. The burden this places on the Plaintiffs to manually search these minutes is no greater than what the Defendant would have to undertake to complete the production. However, the Defendant is cautioned that these minutes must be made available for the Plaintiffs to inspect and copy should they desire to do so. Accordingly, the Plaintiffs' Motion to Compel as to this request will be <u>denied</u>.

2. **Produce a copy of all memoranda, letters, notes, minutes, logs,**

> **recordings or other documentation between and among City Council members, city attorney (to the extent said communications are not privileged), departments, city managers, Board of Trustees (of "The Fund"), individual participants in "The Fund" and any members of the police department pertaining to any aspect of "The Fund."**

The Defendant has objected to this request as "overbroad, unduly burdensome and expensive" and because it "sought information not relevant to this action, and was not reasonably calculated to lead to the discovery of admissible evidence." Although the original request does not refer to a specific time frame, the Plaintiff has narrowed the time frame to the past ten years. In addition, the Plaintiffs state that they are "in essence seeking minutes and accountings from the City Council regarding the retirement fund."

The Defendant argues that this request requires it to search through all of its documents in every department that the City runs. Assuming this is the correct breadth of the request, the Court will compel the Defendant to comply on a narrower basis. The Defendant shall perform a search of files which would reasonably be expected to contain documents relating to the Fund and responsive to this request. It goes against reason to assume that the Defendant uses no organizational techniques in preserving its documents. Thus, the Defendant is not being asked to randomly search every file in the City of Gastonia's possession, but to systematically search only those files which would pertain to the Fund.

To the extent these files are in the dual possession of the Trustees and the Defendant, the Defendant shall provide the requested documents. To the extent that the Trustees are lawfully able to deny the Defendant access to files, the Plaintiffs are again directed to seek these documents directly from the Trustees. Accordingly, the Plaintiffs' Motion to Compel this request will be <u>granted</u> with the above limitations.

> **5.   Produce a copy of any City audit, since 1985, which included an audit of the proceeds within "The Fund."**

The Defendant has informed the Plaintiffs that no responsive documents exist because no City audit has included an audit of Fund proceeds. The Court cannot compel the Defendant to produce non-existent documents. Accordingly, the Plaintiffs' Motion to Compel this request will be <u>denied</u>.

> **6.   Provide an accounting of all City of Gastonia funds that were contributed to the supplemental retirement fund since 1985.**

The Defendant states that there is no document listing all contributions the City ever made to the Fund. In addition, it has already provided the Plaintiffs "with detailed information about what contributions it has made to the Fund in its May 8, 2007 response to Interrogatory #5." Again, the Court cannot compel production of non-existent documents. Further, it appears that the Plaintiffs need only compile information already provided to obtain the information sought here. Accordingly, the Plaintiffs' Motion to Compel this request will be <u>denied</u>.

## III.  <u>ORDER</u>

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. The "Plaintiffs' Motion to Compel" (document #27) is **GRANTED IN PART** and **DENIED IN PART**, as discussed above. The Defendant shall provide the answers and produce the documents discussed above within thirty (30) days of the date of this Order.

2. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties; <u>and to the Honorable Robert J. Conrad, Jr.</u>

**SO ORDERED.**

Signed: September 17, 2007

*Carl Horn, III*

Carl Horn, III
United States Magistrate Judge