```
UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
         CHARLOTTE DIVISION
              3:06cv462
```

| | |
|---|---|
| **DENNIS CROSBY,** on behalf of himself and others similarly situation**,** **JACKIE STEVEN POSTELL,** **and DANNY RAY COCHRAN,** **Plaintiffs,** v. **CITY OF GASTONIA,** a municipality exiting under the laws of the State of North Carolina, **Defendant.** | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

## INTRODUCTION

The plaintiffs filed their Complaint on October 9, 2006. (Doc. No. 1). The plaintiffs subsequently petitioned the Court for class action certification, (Doc. No. 14), or, in the alternative, for leave to amend their complaint, (Doc. No. 39), to join approximately fifty-six other police officers. By Memorandum and Recommendation ("M&R"), the Magistrate Judge recommended that the plaintiffs' petition for class certification be granted and that their motion for leave to amend their complaint be denied as moot. (Doc. No. 55).

After *de novo* review of the plaintiffs' motions, the defendants' responses and all relevant pleadings, the Court **DENIES** the plaintiffs' petition for class action and **GRANTS** the plaintiffs' motion to amend their complaint.

## STANDARD OF REVIEW

A party may file specific, written objections to a magistrate judge's M&R within ten days

after being served with a copy of the recommended disposition.[1] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see also United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007) (holding that "a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection"). A district judge must conduct a *de novo* review of those portions of the report to which proper objections are made. 28 U.S.C. § 636(b)(1).

## FACTUAL BACKGROUND

This action concerns the Gastonia Policemen's Supplementary Pension Fund ("the Fund"), which was created by the North Carolina General Assembly in 1955 to provide supplemental benefits to retired City police officers. In the 1990's, the Fund began experiencing financial difficulties and police officers voted to contribute two percent of their salaries to keep the Fund operational. However, by 2002 the Fund was in such financial straights that the police officers voted to terminate the Fund. Based on this vote, Gastonia's City Council adopted a resolution requesting the General Assembly to enact legislation terminating the Fund. The General Assembly adopted such legislation in October 2002. By the fall of 2005, the Fund's assets became so depleted that benefits ceased.

The Fund's legislation provided, in part, that:

> [A]ny full-time paid member of said police department who retires or is retired under the provisions of this Act shall receive monthly for the remainder of his life from the "Supplementary Pension Fund" so long as funds are available.

Act of April 15, 1959, H.B. 430, 1959 N.C. Sess. Laws ch. 301, § 2 (amending 1955 N.C. Sess.

---

[1] In this case, the Magistrate Judge stated in the M&R that "pursuant to 28 U.S.C. §636(b)(1)(C), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within twenty (20) days after service of the same." (Doc. No. 55 at 15).

Laws ch. 112, § 2) (emphasis added). In the M&R, the Magistrate Judge stated, "The Defendant understandably argues that the 'so long as funds are available' language assumes that the Fund would terminate when it exhausted its resources – and that it was not required to guarantee funds be paid in the event of such exhaustion." (Doc. No. 55 at 5). However, the plaintiffs claim that they were induced to accept and maintain their employment "by the promise of the supplemental retirement benefit." (Compl. ¶ 9). The plaintiffs further claim that their employment contracts included terms that vested their rights in the supplemental benefits. (Id. at ¶ 11). Therefore, the plaintiffs must rely on promises given to them by Defendant or its agents in order to prove their breach of contract claims.

## ANALYSIS

I. **Petition for Class Certification**

In determining whether to certify a class action "district courts must conduct a 'rigorous analysis' to ensure compliance with Rule 23." Thorn v. Jefferson-Pilot Life Ins. Co., 445 F.3d 311, 318 (4th Cir. 2006) (quoting Gen. Tel. Co. of the Southwest v. Falcon, 457 U.S. 147, 161 (1982)). "The plaintiffs who propose to represent the class bear the burden of demonstrating that the requirements of Rule 23 are satisfied." Gariety v. Grant Thornton, LLP, 368 F.3d 356, 362 (4th Cir. 2004).

    A. **The plaintiffs have not shown that the putative class meets all the requirements of Rule 23(a).**

In order to be certifiable as a class action, the party seeking class action must show that all of the prerequisites of Rule 23(a) are met. Gariety, 368 F.3d at 362. These requirements are:

(1) the class is so numerous that joinder of all members is impracticable,

(2) there are questions of law or fact common to the class,
(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
(4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a)(1)-(4).[2]

### 1.  **The putative class does not meet the "numerosity" requirement of Rule 23(a)(1).**

The plaintiffs have failed to meet their burden of showing that the putative class for which they seek certification is so numerous under Rule 23(a)(1) that joinder of all members is impracticable. Fed. R. Civ. P. 23(a)(1). Class certification has been deemed proper in classes with as few as eighteen members. See Cypress v. Newport News Gen. & Nonsectarian Hosp. Ass'n, 375 F.2d 648, 653 (4th Cir. 1967). However, the Fourth Circuit has noted that "[t]here is no mechanical test for determining whether in a particular case the requirement of numerosity has been satisfied." Kelley v. Norfolk & W. Ry. Co., 584 F.2d 34, 35 (4th Cir. 1978).

The plaintiffs assert in their petition for class certification that the "named plaintiffs are three among approximately fifty-nine retired police officers . . . . [and] with fifty-nine officers, the class is so numerous that joinder of all members is impracticable." (Doc. No. 14: ¶ 3-4). However, thirty-seven of the fifty-nine putative class members have joined to file a separate but nearly identical action to the one before this Court against the City. See Anderson et. al v. City of Gastonia, No. 3:07-cv-510 (W.D.N.C.). Therefore, forty (thirty-seven plus three) of the fifty-nine putative class members have found joinder to be practicable. Because over two-thirds of the class' members have

---

[2] This case began before the December 2007 Amendments to the Federal Rules of Civil Procedure became effective, and thus the parties have frequently cited the Rules as they existed prior to the Amendments. However, this Court will follow the initiative of the Magistrate Judge by citing the current version of the Rules.

found joinder to be practicable, the plaintiffs' conclusory assertion that joinder of all members of the class is impracticable fails to meet the burden of proof required in showing that impracticability exists.

> 2. **The putative class does not meet the "commonality" and "typicality" requirements of Rule 23(a)(2)-(3).**

The plaintiffs have failed to meet their burden of showing that the putative class for which they seek certification has meet the "commonality" and "typicality" requirements of Rule 23(a)(2)-(3). The "commonality" and "typicality" prerequisites require that the class members' common characteristics relate to the issues to be resolved. The Sixth Circuit has noted that "at a sufficiently abstract level of generalization, almost any set of claims can be said to display commonality. What we are looking for is a common issue the resolution of which will advance the litigation." Sprague v. Gen. Motors Corp., 133 F.3d 388, 397 (6th Cir. 1998).

The facts of Sprague are similar to the facts in the case before this Court. In Sprague, General Motors' ("GM") employees claimed that GM had breached a contract governing their retirement benefits. The Sixth Circuit found that the lack of a uniform promise by GM to its employees was fatal to class treatment. Finding that the "commonality" and "typicality" requirements of Rule 23(a) were not met, the Sixth Circuit stated that:

> GM had made an individual 'side deal' with each early retiree. Each putative side deal involved any pertinent document the retiree might have signed . . . as well as any pertinent representations GM might have made to the retiree, whether orally, in writing, or both. . . . Proof that GM had contracted to confer vested benefits on one early retiree would not necessarily prove that GM had made such a contract with a different early retiree. . . . Given these myriad variations, it seems to us that the plaintiffs' claims clearly lacked commonality. . . . A named plaintiff who proved his own claim would not necessarily have proved anybody else's claim. . . . The premise of the typicality requirement is simply stated: as goes the claim of the named

plaintiff, so go the claims of the class. That premise is not valid here.

Sprague, 133 F.3d at 398-99.

The Fourth Circuit has also rejected certifying a class based on a class action contract claim. See Broussard v. Meineke Disc. Muffler Shops, Inc., 155 F.3d 331 (4th Cir. 1998). In overturning the district court's grant of class action certification, the Broussard Court noted that:

> [P]laintiffs simply cannot advance a single collective breach of contract action. . . . [T]he differences between the [contracts] raise the distinct possibility that there was a breach of contract with some class members, but not with other class members. In such a case, the plaintiffs cannot amalgamate multiple contract actions into one.

Id. at 340. The reasoning of both the Fourth and Sixth Circuits, which the M&R failed to adequately address, is that where contracts offered by a defendant to multiple plaintiffs lack uniformity, class action is inappropriate because proof of the defendant's breach of the class representative's contract will not prove the defendant's breach of the rest of the class members' contracts.

The commonality and typicality requirements are not met in the instant case because the promises made by defendant to the plaintiffs were not uniform. The plaintiffs do not rely on the uniform language of the Fund itself to show a breach of contract. Instead, they rely on the promises that the defendant gave to each of them individually. Depending on what promises, or lack thereof, were made by the defendant to a particular plaintiff whether orally, in writing, or both, there may or may not be valid claims or defenses by or against that plaintiff.[3] Merely because one police officer,

---

[3] This Court finds doubtful that any of the employment contracts between the defendant and the plaintiffs were made in writing. The primary reason for this is that the plaintiffs have failed to supply a single written employment contract to the Court. Moreover, Larry Wood, who has served as both an Assistant City Manager and the Director of Human Resources for the City of Gastonia, has stated under oath that "[t]he City of Gastonia does not have, and to the best of my knowledge has never had, written employment contracts with City of Gastonia police officers." (Doc. No. 20: Appx.pt. 7 at 146). The Broussard Court explained, "The oral nature of the final review sessions makes them a particular shaky basis for a class claim." Broussard v. Meineke Disc. Muffler Shops, Inc., 155 F.3d 331, 341 (4th Cir. 1998); see also Simon v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 482 F.2d 880, 882-883 (5th Cir. 1973) (suggesting that class actions based on oral representations should be *per se* prohibited); Retired Chicago

6

i.e. the class representative, can prove that he has a claim against the defendant does not mean that every other member of the class would have a valid claim. Sprague, 133 F.3d at 398-99.

The plaintiffs argue that they have North Carolina case law supporting the certification of their proposed class action. See Simpson v. N.C. Local Gov't Employees' Ret. Sys., 363 S.E.2d 90 (N.C. Ct. App. 1987); Faulkenbury v. Teachers' & State Employees' Ret. Sys. of N.C., 436 S.E.2d 821 (N.C. 1993); Woodard v. N.C. Local Governmental Employees' Ret. Sys., 428 S.E.2d 849 (N.C. Ct. App. 1993); Trail v. N.C. Local Governmental Employees' Ret. Sys., No. 97-CVS-5554 (N.C. Mecklenburg County Super. Ct.). However, as the defendant points out, "[i]n those cases, the alleged contract provisions were the same for all class members because those provisions were embodied in uniform, state-wide legislation." (Doc. No. 51 at 7). In this case, the breach of contract claims do not directly stem from uniform legislation, but instead, as stated above, from individual promises made to each plaintiff.

3. **The putative class does meet the "adequate representative" requirement of Rule 23(a)(4).**

For reasons stated in the M&R, this Court believes that Dennis Crosby would have been an adequate representative for the class and thereby satisfies the requirement of Rule 23(a)(4).

B. **The plaintiffs have not shown that the putative class meets any of the requirements of Rule 23(b).**

In order to be certifiable as a class action, the party seeking class action certification also has the burden of showing that one of the three prerequisites of Rule 23(b) is met. Gariety, 368 F.3d at

---

Police Ass'n v. City of Chicago, 7 F.3d 584, 597 n.17(7th Cir. 1993) (holding "claims based substantially on oral rather than written communications are inappropriate for treatment as class actions unless the communications are shown to be standardized").

7

362. These requirements are:

> (1) prosecuting separate actions by or against individual class members would create a risk of:
> (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or
> (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests;
> (2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or
> (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:
> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
> (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(1)-(3).

### 1. **The putative class does not meet the requirements of Rule 23(b)(1)(A)-(B).**[4]

The plaintiffs have not shown that prosecution of separate actions would prejudice the defendant or the individual class members. Fed. R. Civ. P. 23(b)(1). There is nothing in the record to suggest that separate actions would "establish incompatible standards of conduct for the party opposing the class [i.e. defendant.]" Fed. R. Civ. P. 23(b)(1)(A). The defendant argues that no such

---

[4] The Magistrate Judge, in the M&R, found that Rule 23(b)(3) had been met and certified the class on that ground without addressing whether either Rule 23(b)(1) or (b)(2) had been met. This Court will address all three to show that it finds that none of the requirements of Rule 23(b) are met.

standards would be imposed if the class is not certified. (Doc. No. 20 at 38).

Furthermore, the plaintiffs have offered nothing more than a conclusory assertion, (see Doc. No. 14 at ¶ 9), to show that separate actions brought by individual plaintiffs would "be dispositive of the interests of the other members not parties," Fed. R. Civ. P. 23(b)(1)(B). Because the plaintiffs' breach of contract claims depend upon unique promises made to each of them individually (for the reasons set out in section (I)(a)(ii) above), each plaintiff can distinguish his particular case on the facts. Therefore, any verdict returned for an individual plaintiff will not prejudice the ability of other class members to separately pursue their claims against the City.

2. **The putative class does not meet the requirement of Rule 23(b)(2).**

The plaintiffs have not established that the primary relief they would seek as a class is declaratory or injunctive relief rather than monetary damages. The Advisory Committee Notes to Rule 23(b)(2) make clear that it "does not extend to cases in which the appropriate final relief relates exclusively or predominately to money damages." Thorn, 445 F.3d at 329 (quoting the 1966 Advisory Committee Notes to Rule 23(b)(2)). Because the plaintiffs predominately seek money damages, this action does not qualify for certification under Rule 23(b)(2).

3. **The putative class does not meet the requirement of Rule 23(b)(3).**

The plaintiffs have not established that the class should be certified on the grounds that "questions of law or fact common to class members predominate over any questions affecting only individual members." Fed. R. Civ. P. 23(b)(3). To meet this requirement, a plaintiff must show that the common questions of law or fact go beyond merely meeting the "commonality" requirement of Rule 23(a)(2). Since the Court found that the plaintiffs did not meet the "commonality" requirement

9

of Rule 23(a)(2) (for the reasons discussed in section (I)(a)(ii) above), the plaintiffs cannot show that the "predominate commonality" of Rule 23(b)(3) is met.

II. **Motion to Amend the Complaint**

The Court is satisfied that judicial economy and trial efficiency support its grant of permissive joinder under Rule 20(a), which states that:

> (1) Plaintiffs. Persons may join in one action as plaintiffs if:
> (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all plaintiffs will arise in the action.

Fed. R. Civ. P. 20(a)(1)(A)-(B); see also Grubbs v. Gen. Elec. Credit Corp., 405 U.S. 699, 705 n.2 (1972). The purpose of the rule is "to promote trial convenience." League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency, 558 F.2d 914, 917 (9th Cir. 1977). Additionally, the granting of this motion may expedite the final determination of disputes, thereby preventing multiple lawsuits. Rumbaugh v. Winifrede R.R. Co., 331 F.2d 530, 537 (4th Cir. 1964).

The plaintiffs in this case assert rights to relief "arising out of the same . . . series of transactions or occurrences" and share a common "question of law or fact." Fed. R. Civ. P. 20(a). The plaintiffs' breach of contract claims, while they may be based on individual promises, relate to the Fund created on their behalf.

The defendant claims that the plaintiffs' motion to amend would cause it undue prejudice because it would not be able to conduct adequate discovery on the fifty-six officers that are proposed to be added to the complaint. However, the Court finds the defendant's argument to be unpersuasive given the fact that thirty-seven of the proposed fifty-six officers have already filed a separate suit against defendant and thus it will have to engage in discovery with those plaintiffs. Further, in the

M&R, the Magistrate Judge ordered that discovery should be extended until May 19, 2008, (Doc. No. 55 at 15). If the parties need more time to conduct discovery beyond the discovery deadline, then this Court welcomes a motion for an extension of time to conduct discovery.

## CONCLUSION

After its *de novo* review of the Plaintiffs' Petition for Class Certification, (Doc. No. 14), and their alternative Motion for Leave to Amend Complaint, (Doc. No. 39), the M&R, and all the relevant pleadings, the Court **DENIES** the Plaintiffs' Petition for Class Action and **GRANTS** the Plaintiffs' Motion for Leave to Amend Complaint.

Signed: May 1, 2008

Robert J. Conrad, Jr.
Chief United States District Judge