# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:06CV462-C

| | |
|---|---|
| **DENNIS CROSBY et. al,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | **MEMORANDUM AND ORDER** |
| ) | |
| **CITY OF GASTONIA, a municipality** ) | |
| existing under the laws of the State of ) | |
| North Carolina, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on the "Plaintiffs' Motion to Compel" (document #67) filed December 2, 2008. The Defendant filed its ". . . Response to Plaintiffs' Motion to Compel" (document #70) December 19, 2008. On January 8, 2009, the Plaintiffs filed their ". . . Reply . . ." (document #71). The Defendant filed a ". . . Sur-Reply . . ." (document #78) January 21, 2009.

Also before the Court is the "Plaintiffs' Motion to Quash Defendant's Notices of Deposition" (document #73) filed January 12, 2009. The Defendant filed its ". . . Response . . ." (document #75) January 21, 2009. The Plaintiffs have not filed a reply and the time for doing so has expired.

In addition, on January 21, 2009, the Defendant filed a "Motion for Extension of Time to Respond to Plaintiffs' Motion for Summary Judgment" (document #74). The Plaintiffs filed their ". . . Response . . ." (document #77) January 22, 2009. The Defendant filed its ". . . Reply . . ." (document #79) January 30, 2009. The Defendant also filed a ". . . Motion for an Extension of Time to Respond to Plaintiffs' Motion for Oral Argument on Plaintiffs' Motion for Summary Judgment" (document #83) February 18, 2009.

These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and are now ripe for determination.

Having carefully considered the parties' arguments, the record, and the applicable authority, the undersigned will <u>grant in part</u> and <u>deny in part</u> the "Plaintiffs' Motion to Compel," will <u>grant</u> the "Plaintiffs' Motion to Quash Defendant's Notices of Deposition," and will <u>grant</u> both the Defendant's "Motion for Extension of Time to Respond to Plaintiffs' Motion for Summary Judgment" and its ". . . Motion for an Extension of Time to Respond to Plaintiffs' Motion for Oral Argument on Plaintiffs' Motion for Summary Judgment," as discussed below.

## I. <u>FACTUAL AND PROCEDURAL HISTORY</u>

This action alleges a violation of 42 U.S.C. § 1983 and the United States and North Carolina Constitutions, and a breach of contract and fiduciary duty in relation to the termination of a supplemental pension fund (the "Fund") for Gastonia, North Carolina police officers. The Fund was created in 1955 by the North Carolina General Assembly, and was financed for many years, <u>inter alia</u>, through fines levied against defendants convicted in Gaston County Municipal Court.

Due to the Fund's financial difficulties in the 1990s, police officers voted to contribute 2% of their salaries to keep the Fund solvent. In 2002, however, the Fund's Trustees sponsored a referendum which gave Gastonia police officers the choice of either increasing their salary contributions or terminating the Fund. The officers elected to terminate the Fund; thereafter the Gastonia City Council adopted a resolution requesting "terminating legislation" from the General Assembly. In this action, the Plaintiffs seek a permanent injunction prohibiting the Defendant from eliminating or decreasing vested pension benefits, as well as an award of past due benefits and

2

attorney's fees.

The subject motions relate both to discovery and to the Plaintiffs' previously filed Motion for Summary Judgment. The Plaintiffs filed their second Motion to Compel on December 2, 2008, their Motion for Summary Judgment on January 9, 2009, and their Motion to Quash Defendant's Notices of Depositions on January 12, 2009. The discovery deadline in this case was February 19, 2009; thus, it is clear that the Plaintiffs' discovery motions were timely filed.

## II. <u>DISCUSSION</u>

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides generally that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. *For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).*

Fed. R. Civ. P. 26(b)(1) (emphasis in original). The rules of discovery are to be accorded broad and liberal construction. See, e.g., Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507 (1947).

Whether to grant or deny a motion to compel is generally left within the district court's broad discretion. See, e.g., Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting district court's substantial discretion in resolving motions to compel); and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same).

The Defendant first objects to Interrogatory 1 in the Plaintiffs' Third Set of Interrogatories, which asks:

> For every Plaintiff identified in the Amended Complaint, provide the following information:
>
> a. The date of hire;
>
> b. The date the person retired;
>
> c. Their average salary for the five years prior to retirement;
>
> d. A calculation of all supplemental retirement benefits that each Plaintiff would have received, to date, if the retirement fund and [sic] remained totally funded;
>
> e. A calculation of future supplemental retirement benefits for each Plaintiff given their anticipated life expectancy as based upon the current North Carolina General Statutes Actuarial Tables.

For this interrogatory, the Plaintiffs seek only to have the Court compel information as to "the amount of money the retirees could have received under the supplemental retirement pension." The Plaintiffs argue that the Defendant must necessarily know, and have already calculated, each Plaintiffs' monthly benefit because prior to the Fund's termination the Defendant was mailing each Plaintiff checks "based upon the statutory formula." The Defendant initially responded that the Plaintiffs could review each Plaintiffs' personnel file and perform the calculation of benefits as easily as the Defendant could. The Plaintiffs then provided the Defendant with an "active spreadsheet" which "contained formulas, based upon the pension statute, which required the [Defendant] to merely input the highest three years of salary for each Plaintiff. The spreadsheet would then calculate the past due earnings."

The Defendant responds that its initial objection was based in part on the fact that the Fund's

Board of Trustees, not the Defendant, was responsible for paying Fund benefits, and therefore, that they would have the information necessary to make the calculations the Plaintiffs sought. However, the Defendant did later obtain from the Board of Trustees the amount of monthly benefit each Plaintiff had been receiving from the Fund before it ceased making payments – and provided this information to the Plaintiffs.

In their Reply, the Plaintiffs state that the "last payment made to the retired police officers was in August 2005. If the last check was an accurate amount of the monthly check due each Plaintiff if he or she prevails, from August 2005 until present, then the Plaintiffs agree that no further supplementation of this answer is necessary."

In summary, it appears that the Defendant has provided the amount of monthly benefit each Plaintiff received from the Fund. The Court concludes that this information adequately responds to the Plaintiffs' interrogatory, and therefore, the subject request to compel will be <u>denied</u>.

The Defendant next objects to the Plaintiffs' Second Request for Documents, which asks the Defendant to:

> Produce a complete copy of the Personnel Employment Manual for the City of Gastonia at the time of hire. (NOTE: As to this request, it will not be necessary to produce a copy for each Plaintiff, so long as an exemplar of the specific manual is produced with a reference as to which manual applies to which Plaintiff.)

Specifically, the Plaintiffs take issue with the fact that the Defendant responded that it was not aware that any such documents existed, even though its former Assistant City Manager testified in his deposition that he "believe[d] there was a handbook at one time that was a summary of city policies." The Plaintiffs also point to the fact that they discovered, through other means, the existence of two additional Personnel Manuals relevant to their request.

The Defendant agrees that it has published employee handbooks over the years, but asserts that it has not published one in a "number of years." The Defendant further asserts that it has "re-reviewed its records for any employee handbooks. It found one other (not in its records, but in the possession of a City employee), which it produced to Plaintiffs." It appearing that the Defendant has thoroughly searched for the requested handbooks and produced all that is within its possession, this request to compel shall also be <u>denied</u>.

The Plaintiffs next seek to have the Court compel the Defendant to respond to stipulations their counsel sent electronically to the Defendant on October 23, 2008. The Plaintiffs state that the parties previously agreed that one way to simplify discovery would be with the subject stipulations.

The Defendant responds that "[b]ecause these stipulations were not a discovery request issued under the Rules of Civil Procedure, they are not subject to a motion to compel." However, the Defendant also notes that it has responded by "providing Plaintiffs with revised stipulations in the hopes that the parties can agree on a final set of stipulations to narrow the issues for trial."

While the Court encourages the parties to reach a final set of stipulations, it will <u>hold in abeyance</u> the Plaintiffs' motion to compel the Defendant to do so, reserving the ultimate resolution of this dispute to the District Judge who may ultimately be required to preside over the trial of this case.

Next the Plaintiffs contend that the Defendant has failed to adequately respond to their Fourth Set of Interrogatories, in which they ask:

1. Without disclosing what communications took place identify the date that Larry W. Woods was first consulted regarding the allegations in the counterclaim.

2. Without disclosing any attorney client communications, identify any person

> Larry W. Woods met with regarding the Counterclaim prior to its filing as well as the date of said meeting(s).

The Plaintiffs aver that the Defendant has "failed to respond to [these] two interrogatory questions in any way."

As to the first interrogatory, the Defendant responds that Mr. Wood was first consulted about the counterclaims when he was contacted to be the Defendant's Rule 30(b)(6) witness. The Defendant argues that to the extent this interrogatory seeks information as to how defense counsel prepared him for his deposition, such information is protected by both attorney-client privilege and the work product doctrine.

The Defendant is directed to respond to this interrogatory and provide the date it first contacted Mr. Wood regarding the counterclaims. The Defendant may choose to qualify its response with the information that this initial contact to was to prepare Mr. Wood for the Rule 30(b)(6) deposition, but nonetheless it is compelled hereby to file a candid and otherwise accurate response to the subject interrogatory.

As to the second interrogatory, the Defendant explains that Mr. Wood was designated as its Rule 30(b)(6) witness to explain the bases of its counterclaims against the three plaintiffs. Interrogatory No. 2 assumes that Mr. Wood helped to prepare the counterclaim, which is not accurate according to the Defendant. The Defendant also asserts that Mr. Wood made this clear in his deposition, which was held prior to the Plaintiffs serving the subject interrogatory.

Nevertheless, the Defendant shall also be directed to respond to this Interrogatory, even if the response simply states that Mr. Wood did not meet with anyone regarding the counterclaims prior to their filing. Accordingly, for the reasons set forth above the request to compel these two responses

are hereby granted.

The Plaintiffs next move the Court to compel their Third Request for Production, which requests that the Defendant:

1. Produce a copy of every non-privileged document of any kind, including without limitation, minutes of City Council Meetings, internal memoranda, letters, legislation or notes, that was reviewed by Larry Woods [sic] before the filing of the Counterclaim in this matter. (If a document is withheld on the account of a privilege, please create a privilege log for each such document, identifying it by name and stating the privilege asserted).

2. Produce a copy of every non-privileged document of any kind, including without limitation, minutes of City Council Meetings, internal memoranda, letters, legislation or notes, that was reviewed by Larry Woods [sic] after the filing of the Counterclaim in this matter. (If a document is withheld on the account of a privilege, please create a privilege log for each such document, identifying it by name and stating the privilege asserted).

As to these document requests, the Plaintiffs argue that the Defendant's objections are without merit. First, the Defendant asserts the attorney-client and work product privileges – although the Plaintiffs argue that if the documents were withheld as privileged a privilege log should have been produced. The Defendant also objects on the basis of relevance – to which the Plaintiffs respond that documents reviewed and relied upon for deposition testimony are plainly relevant. Finally, the Defendant objects on the ground that it has already produced the requested documents – a fact that the Plaintiffs do not dispute; rather, they argue that the Fund, created in 1955, has since been the subject of numerous City Council meetings and memoranda. On this point, the Plaintiffs respond that they "could not possibly determine which [minutes and memoranda] were reviewed by Wood prior to his deposition."

As to the first request for production, the Defendant argues that Mr. Wood was designated as its Rule 30(b)(6) witness to explain the bases of its counterclaims against the three Plaintiffs.

Request for Production No. 1 assumes that Mr. Wood helped to prepare the counterclaim, which is not accurate according to the Defendant. The Defendant also asserts that Mr. Wood made this clear in his deposition, which was held prior to the Plaintiffs serving the subject request for production. The undersigned finds the Defendant's contentions credible and persuasive, and will therefore <u>deny</u> the Plaintiffs' Request for Production No. 1.

As to the second request for production, the Defendant interprets the request to be for all documents that Mr. Wood reviewed while preparing for the Rule 30(b)(6) deposition because the Plaintiffs are aware that Mr. Wood was not consulted to help prepare the counterclaim. The Defendant's counsel selected documents for Mr. Wood to review to prepare for the deposition, all of which had already been produced by the Defendant in discovery. The Defendant argues that the Plaintiffs' request for the Defendant to specify which documents defense counsel had Mr. Wood review is protected by both the attorney-client privilege and the work product doctrine.

In its Sur-Reply, the Defendant clarifies that it has provided the Plaintiff with the specific City Council minutes and memorandum referenced by Mr. Wood in his deposition. According to the Defendant, these were the only two documents specifically referenced in Mr. Wood's deposition of the larger group of documents which defense counsel prepared for him to review prior to his deposition.

Nevertheless, the Court finds the Plaintiffs' request to be reasonable in light of the circumstances. Mr. Wood testified as a Rule 30(b)(6) deponent as to the bases for the counterclaims against three of the plaintiffs. Accordingly, the documents necessary to prepare him to testify in this capacity are as important as his testimony itself. The Defendants shall identify each document reviewed by Mr. Wood to prepare for his deposition, where such documents are not otherwise

subject to a privilege. See <u>Nutramax Laboratories, Inc. v. Twin Laboratories Inc.</u>, 183 F.R.D. 458, 467 (D. Md. 1998) ("[i]f otherwise discoverable documents, which do not contain pure expressions of legal theories, mental impressions, conclusions or opinions of counsel, are assembled by counsel, and are put to a testimonial use in the litigation, then an implied limited waiver of the work product doctrine takes place, and the documents themselves, not their broad subject matter, are discoverable" and finding that documents assembled by counsel to prepare a Rule 30(b)(6) deponent were discoverable where they did not contain otherwise privileged material). Thus, this aspect of the motion to compel is <u>granted</u>.

Finally, the Plaintiffs move to quash the Defendant's notices of deposition. Specifically, the Plaintiffs have moved to quash four depositions "until either the Defendant fully complies with the discovery requests of the Plaintiffs, or until the Court enters such further Orders to direct the parties in this regard."

The subject discovery disputes having now been resolved, the Court will require these Plaintiffs to appear for their respective depositions once the compelled discovery has been provided.

### III. <u>ORDER</u>

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. The "Plaintiffs' Motion to Compel" (document #67) is **GRANTED IN PART** and **DENIED IN PART**, as discussed above. The Defendant shall provide the answers and produce the documents discussed above within **thirty (30) days** of the date of this Order.

2. The "Plaintiffs' Motion to Quash Defendant's Notice of Deposition" (document #73) is **GRANTED**, that is, the parties shall schedule the depositions to occur after the Defendant has

provided the Plaintiffs with the discovery compelled by this Order, but no later than **sixty (60) days** after the date of this Order..

3.  The Defendant's "Motion for Extension of Time to Respond to Plaintiff's Motion for Summary Judgment" (document #74) is **GRANTED**, that is, the Defendant shall have up to and including **June 4, 2009** to file its Response.

4.  The Defendant's ". . . Motion for an Extension of Time to Respond to Plaintiffs' Motion for Oral Argument on Plaintiffs' Motion for Summary Judgment" (document #83) is **GRANTED**, that is the Defendant shall have up to and including **June 4, 2009** to file its Response.

5.  The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties; and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED.**

Signed: March 4, 2009

_Carl Horn, III_

Carl Horn, III
United States Magistrate Judge