# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:06CV462-C

| | |
|---|---|
| **DENNIS CROSBY et. al,** | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) **MEMORANDUM AND ORDER**<br>) |
| **CITY OF GASTONIA, a municipality existing under the laws of the State of North Carolina,** | )<br>)<br>)<br>) |
| Defendant. | )<br>)<br>) |

**THIS MATTER** is before the Court on the "Defendant City of Gastonia's Motion to Compel" (document #81) and ". . . Brief in Support . . ." (document #82) both filed February 6, 2009. The Plaintiffs filed their ". . . Response . . ." (document #84) February 23, 2009. On March 9, 2009, the Defendant filed its ". . . Reply . . ." (document #88).

This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and is now ripe for determination.

Having carefully considered the parties' arguments, the record, and the applicable authority, the undersigned will <u>grant</u> the "Defendant City of Gastonia's Motion to Compel," as discussed below.

## I. FACTUAL AND PROCEDURAL HISTORY

This action alleges a violation of 42 U.S.C. § 1983 and the United States and North Carolina Constitutions, and a breach of contract and fiduciary duty in relation to the termination of a supplemental pension fund (the "Fund") for Gastonia, North Carolina police officers. The Fund was

created in 1955 by the North Carolina General Assembly, and was financed for many years, <u>inter alia</u>, through fines levied against defendants convicted in Gaston County Municipal Court.

Due to the Fund's financial difficulties in the 1990s, police officers voted to contribute 2% of their salaries to keep the Fund solvent. In 2002, however, the Fund's Trustees sponsored a referendum which gave Gastonia police officers the choice of either increasing their individual contributions or terminating the Fund. The officers elected to terminate the Fund; thereafter the Gastonia City Council adopted a resolution requesting "terminating legislation" from the General Assembly. In this action, the Plaintiffs seek a permanent injunction prohibiting the Defendant from eliminating or decreasing vested pension benefits, as well as an award of past due benefits and attorney's fees.

The subject motion relates to the Defendant's Fourth Set of Interrogatories and Requests for Production. The Defendant seeks to have the Court compel seventeen Plaintiffs (out of sixty-five Plaintiffs) to respond to these discovery requests. The discovery deadline in this case was February 19, 2009; thus, the Defendant's discovery motion was timely filed.

## II. DISCUSSION

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides generally that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. *For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).*

Fed. R. Civ. P. 26(b)(1) (emphasis in original). The rules of discovery are to be accorded broad and

liberal construction. See, e.g., Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507 (1947).

Whether to grant or deny a motion to compel is generally left within the district court's broad discretion. See, e.g., Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting district court's substantial discretion in resolving motions to compel); and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same).

Relevant to the subject discovery dispute, on June 24, 2008, the Plaintiffs filed an Amended Complaint which increased the number of Plaintiffs from three to sixty-five. On July 18, 2008, following this amendment, the Defendant served its Fourth Set of Interrogatories and Requests for Production which, among other things, asked each Plaintiff to identity the communications and documents underlying their claims. The Defendant seeks individualized answers from the remaining seventeen Plaintiffs for Interrogatories 1, 2, and 4, and for Requests for Production of Documents 1-9.[1]

The Defendant argues that the Plaintiffs have repeatedly relied upon specific communications and documents in their pleadings and that it is entitled to know which Plaintiffs relied upon which communications and documents. For example, the Amended Complaint alleges that the Plaintiffs were induced to work for the Defendant by the "promise of the supplemental retirement benefit."

---

[1] Specifically, the Defendant seeks to have Plaintiffs John Beam, James Carter, Freddie Crawford, and Danny Parlier supplement their earlier answers (which simply incorporated the earlier responses of other Plaintiffs). In addition, the following thirteen Plaintiffs have not responded at all: Earl Bowen, Rheta Conley, Russell Crow, Estate of Charles Ferguson, Lawrence Baxley, Charles Bell, Jimmie Barker, Brenda Lackey, Geraldine Nivens, James Stamey, Theron Terry, Don Williams, and Ernest Wilson.

3

The Amended Complaint further alleges that "[a]s a result of the promise of supplemental benefits, the officers either chose or were directed not to contribute towards Social Security." The Defendant also points to the following language from the "Plaintiffs' Motion for Summary Judgment and Supporting Memorandum": ". . . the Court found that the actions of the state employees on relying upon the express language of the statute (and in *Crosby*, the City Code, the handbooks, the flyers and the website), was reasonable and justified."

After providing individual responses for forty-eight of the Plaintiffs, Plaintiffs' counsel refused to provide any further responses and asserted that the information sought is irrelevant. In their ". . . Response . . ." to the subject Motion, the Plaintiffs articulate their theory of the case and explain why they believe the requested information is irrelevant under this theory. However, Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." The Plaintiffs' theory of the case does not preclude the Defendant from having a different theory or defense, especially where, as here, the information is plainly "*relevant to the subject matter involved in the action.*" Fed. R. Civ. P. 26(b)(1) (emphasis in original).

Accordingly, the Defendant's Motion to Compel will be <u>granted</u>, that is, the Plaintiffs shall provide individualized responses to Interrogatories 1, 2, and 4, and Requests for Production 1-9 of the Defendant's Fourth Set of Interrogatories and Requests for Production. If an individual Plaintiff is no longer able to answer the question because he or she cannot remember, the Plaintiff shall so state. Further, if the alleged promises or representations were not made to that individual Plaintiff, he or she may so state. In addition, if the Plaintiffs have already produced a specific document which one of these individual Plaintiffs relied upon, they need not produce the document but must identify

4

it in his or her response.

### III.  ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1.  The "Defendant City of Gastonia's Motion to Compel" (document #81) is **GRANTED**. The Plaintiffs shall provide the answers and produce the documents discussed above within **thirty (30) days** of the date of this Order.

2.  The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties; and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED.**

Signed: March 18, 2009

*Carl Horn, III*

Carl Horn, III
United States Magistrate Judge